IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,             ) | CR-12-124-PHX-FJM (LOA) |
|                                        ) | |
|                     Plaintiff,         ) | FINDINGS AND RECOMMENDATION |
|                                        ) | OF THE MAGISTRATE JUDGE UPON |
|         v.                             ) | A **CONDITIONAL** PLEA OF GUILTY |
|                                        ) | AND ORDER |
|                                        ) | |
| Shaun Robert Espino,                   ) | |
|                                        ) | |
|                     Defendant.         ) | |

TO:  THE HONORABLE FREDERICK J. MARTONE, UNITED STATES DISTRICT JUDGE.

Upon Defendant's request to enter a conditional plea of guilty pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, this matter came on for hearing before U.S. Magistrate Judge Lawrence O. Anderson on July 24, 2012 with the written consents of the Defendant, counsel for the Defendant, and counsel for the United States of America.

In consideration of that hearing and the statements made by the Defendant under oath on the record and in the presence of counsel, and the remarks of the Assistant United States Attorney and of counsel for Defendant,

(A)  I **FIND** as follows:

(1) Defendant understands the nature of the charge against him to which the plea is offered and the elements of the offense to which he is pleading guilty;

(2) Defendant understands his right to trial by jury, to persist in his plea of not guilty, to the assistance of counsel at trial, to confront and cross-examine adverse

witnesses, and his right against compelled self-incrimination;

(3) Defendant understands what the maximum possible sentence is, including the effect of the supervised release term, and Defendant understands that the sentencing guidelines are advisory only and that the Court may depart from those guidelines under some circumstances;

(4) Defendant's conditional plea of guilty has been knowingly and voluntarily made and is not the result of force or threats or of promises apart from the plea agreement between the parties;

(5) Defendant is competent to conditionally plead guilty;

(6) Defendant understands that his answers may later be used against him in a prosecution for perjury or false statement;

(7) Defendant understands that by conditionally pleading guilty he waives the right to a jury trial.

(8)  there is a factual basis for the Defendant's plea; and

(9) Defendant is satisfied with his lawyer's representation in all aspects of the Defendant's case up to this point in time; and further,

(B) **IT IS RECOMMENDED** that Defendant's conditional plea of Guilty to Count 1 of the Superseding Indictment not be accepted, either conditionally or otherwise, until Judge Martone either formally accepts or rejects Defendant's conditional guilty plea pursuant to Rule 11(a)(2), Federal Rules of Criminal Procedure.[1] Defendant's plea

---

[1] Note: "All non-jurisdictional issues not specifically preserved in the conditional plea agreement are waived." *United States v. Kingcade*, 562 F.3d 794, 797 (7th Cir. 2009) (citations omitted). "[D]istrict courts must decline to accept conditional pleas unless the appellate court's decision will effectively dispose of the case." *United States v. v. Combs*, 657 F.3d 565, 569 (7th Cir. 2011) (citing Fed.R.Crim.P. 11, Notes of Advisory Committee on Rules, 1983 Amendment; *United States v. Markling*, 7 F.3d 1309, 1313 (7th Cir. 1993)).

2

agreement must remain lodged pending Judge Martone's decision to accept or reject Defendant's conditional plea.

**IT IS FURTHER RECOMMENDED** that, absent Defendant's express consent in writing pursuant to Rule 32(e)(1), Fed.R.Crim.P., Judge Martone accept or reject Defendant's conditional plea and plea agreement *before* review of Defendant's presentence report. *See In re Gallaher*, 548 F.3d 713, 716-18 (9th Cir. 2008) (citing *Gregg v. United States* that Rule 32's non-disclosure provision is "explicit" and that a court's premature review of the PSR "constitutes error of the clearest kind." 394 U.S. 489, 491-92 (1969)); *but see United States v. Joseph*, 2008 WL 5423194 (D. Haw. December 31, 2008) (distinguishing *Gallaher*), *affirmed by*, *United States v. Joseph*, 465 Fed.App. 690 (9th Cir. 2012).

## O R D E R

**IT IS ORDERED** that any objection to the conditional guilty plea proceedings and any request(s) for supplementation of those proceedings be made by the parties in writing and shall be specific as to the objection(s) or request(s) made. All objections or requests for supplementation shall be filed within fourteen (14) days of the date of service of a copy of these findings unless extended by an Order of the assigned district judge.

**IT IS FURTHER ORDERED** no more than ten (10) character letters shall be submitted by defense counsel in criminal cases, unless other ordered by the court.[2]

**IT IS FURTHER ORDERED** that all character letters Defendant or his attorney would like the sentencing judge to read and consider before pronouncing sentence (including the translation of any documents to English) must be submitted in paper form with the original to the probation office and copies to the sentencing judge and opposing counsel no later than five (5) business days prior to the sentencing date or they may be deemed untimely by the sentencing judge and not considered by him/her. (ECF Manual, II

---

[2] *See* General Order 12-24

§ O at 24)

**IT IS FURTHER ORDERED** that any motions for upward departure, downward departure and sentencing memoranda must be filed, at least, seven (7) business days prior to the sentencing date. Responses are due three (3) business days prior to the sentencing date. Any motion to continue sentencing must be filed promptly upon discovery of the cause for continuance and must state the cause with specificity. Motions to continue sentencing filed less than fourteen (14) days before sentencing are disfavored.

DATED this 25th day of July, 2012.

_Lawrence O. Anderson_
Lawrence O. Anderson
United States Magistrate Judge