**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America,        )<br>                                              )<br>           Plaintiff,               )<br>                                              )<br>vs.                                       )<br>                                              )<br>Shaun Robert Espino,          )<br>                                              )<br>           Defendant.            )<br>_____ ) | CR 12-124-PHX-FJM<br><br>**ORDER** |

The court has before it Magistrate Judge Anderson's Recommendation with respect to defendant's conditional plea of guilty. (Doc. 44). He points out that *Gallaher v. United States,* 548 F. 3d 713 (9th Cir. 2008) applies Rule 32(e)(1), Fed. R. Crim. P. , the prohibition against disclosure of the presentence report until the defendant "has pleaded guilty," to the time before a judge "consents" to and accepts a conditional plea of guilty under Rule 11(a)(2), Fed. R. Crim. P.

We must, of course, distinguish between a plea of guilty under Rule 11(a) and a plea *agreement* under Rule 11(c), Fed. R. Crim. P. The court may always defer a decision on accepting a plea agreement "until the court has reviewed the presentence report." Rule 11(c)(3)(A), Fed. R. Crim. P. That is quite different than trying to defer consent on a conditional guilty plea until one has seen the presentence report, the practice at issue in *Gallaher.*

The net result is that we should consent or withhold consent to a conditional plea under

1  Rule 11(a)(2) before we see the presentence report, but we may defer acceptance of the plea
2  *agreement* under Rule 11(c)(3)(A) until after we have seen the presentence report.  We are
3  aware of no reason why we should not consent to a conditional plea of guilty here.  It simply
4  allows defendant to preserve his legal issue on the motion to suppress without wasting
5  everyone's time and money on a trial. We still preserve the right to reject the plea agreement
6  at the time of sentencing.
7      Accordingly, it is ORDERED consenting to the conditional plea of guilty under Rule
8  11(a)(2), and accepting the plea of guilty under Rule 11(b).  It is further ORDERED
9  deferring acceptance of the plea agreement under Rule 11(c)(3)(A) until the time of
10 sentencing.
11     DATED this 21st day of August, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

17 cc: The Hon. Lawrence O. Anderson